UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| STEVEN D. LISLE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:25-cv-01090-MMM |
| | ) |
| LATOYA HUGHES, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, presently in prison at Pontiac Correctional Center, asserts allegations regarding violations of Plaintiff's constitutional rights.

**I.    PRELIMINARY MATTERS**

**A.  Motion to Request Counsel**

Plaintiff asks the Court to assist with finding an attorney.

The Court must determine first whether Plaintiff has made a reasonable attempt to find an attorney on Plaintiff's own (or if Plaintiff has been prevented from doing so), and second, if so, whether Plaintiff is able to litigate the action without counsel. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).

Plaintiff has not shown any attempt to find an attorney to represent Plaintiff on any of the allegations herein. Plaintiff's motion is denied on this basis with leave to renew.

If Plaintiff renews the motion, Plaintiff may make the required showing by attaching copies of letters sent to firms practicing in the relevant are of law and requesting assistance. Plaintiff must target each request for counsel to one specific set of claims for the Court to find Plaintiff has made a reasonable search for a lawyer. As further discussed below, Plaintiff's different claims belong in different lawsuits, and to the extent Plaintiff pursues counsel with an eye toward renewing the request for assistance here, Plaintiff must do so with specific care to the claims in each lawsuit.

### B. Motion to Consolidate Civil Complaint Claims into One Filed Suit

Plaintiff asks the Court to consolidate all his claims into one lawsuit. The motion is denied. For reasons stated below, one of Plaintiff's claims lacks merit, and the other two will proceed in separate suits, or one will be dismissed.

### C. Motion for Preliminary Injunction

Plaintiff seeks a preliminary injunction requiring Defendants to 1) correct Plaintiff's sentence and release Plaintiff from custody, 2) provide gender identity dysphoria treatment programs and services to Plaintiff, 3) order Defendants to take Plaintiff to outside care for medical injuries to Plaintiff's left arm, wrist, and hand.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997); *accord Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right"). To prevail, "the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3)

an irreparable harm will result if the injunction is not granted." *Foodcomm Int'l v Barry*, 328 F.3d 300, 303 (7th Cir. 2003) (citations omitted). If the moving party meets the first three requirements, then the district court balances the relative harms that could be caused to either party. *Incredible Tech., Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005).

The Prisoner Litigation Reform Act (PLRA) further limits the scope of the Court's authority to enter an injunction in the corrections context. *Westefer v. Neal,* 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer,* 682 F.3d at 683 (the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage." (quotation marks and citation omitted)).

First, as to Plaintiff's sentence. Plaintiff asserts that Plaintiff is being held beyond the correct release date based on a novel legal argument related to Plaintiff's age at the time of the criminal actions on which Plaintiff was convicted and is imprisoned. The Court cannot order Plaintiff released from prison in this Section 1983 suit, so this request for injunctive relief is denied. *See Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003).

Second, regarding Plaintiff's allegations of insufficient gender dysphoria care and insufficient medical care, Plaintiff may have some possibility of success on the

merits of these claims. But based on Plaintiff's complaint, IDOC is aware of and is taking specific measures to treat Plaintiff while maintaining Plaintiff's safety, and the safety of other inmates (including biologically female inmates), in the unique and challenging context of imprisoning biologically male prisoners who are experiencing gender dysphoria and identify as female. Given Plaintiff's allegations the Court finds that under the balance of the harms to each party, and given the limitations of the Prison Litigation Reform Act on the appropriateness of injunctive relief, entry of an injunction is inappropriate.

However, the Court takes seriously Plaintiff's allegations of 1) lack of gender dysphoria care and 2) lack of medical care of Plaintiff's elbow injury. Plaintiff is entitled to appropriate medical care as to both allegations. The Court will direct the Clerk to send a copy of this Order to the Warden at Pontiac to ensure she is aware of Plaintiff's concerns regarding Plaintiff's medical care, so the Warden can take appropriate steps to ensure that Plaintiff is being imprisoned under conditions consistent with the United States Constitution.

The motion for a preliminary injunction is denied.

### D. Motion Reporting Serious Potential Harm

Plaintiff's Motion Reporting Serious Harm (Doc. 9) asserts that medical staff changed Plaintiff's gabapentin prescription from capsule from to crushed form. Plaintiff asserts that this is improper and seeks a Court order that Plaintiff receive pill form gabapentin. The request is denied. The Court will not second-guess the medical staff treating Plaintiff in regard to the crushed medicine order. "[O]rdering prison officials to

administer medication in a particular manner is a substantial interference with prison administration." *Scroggin v. Dawson*, No. 2:15-CV-432, 2016 WL 3615858, at *4 (N.D. Ind. July 5, 2016).

### E. Motion for the Court to Order Part-Time Request for Production

Plaintiff seeks leave to propound preliminary discovery requests to Defendants, to obtain the names of other potential Defendants. The request is denied. The Court will structure the discovery process to allow Plaintiff time to determine the identity of Doe Defendants and move to substitute the Does with individuals, as appropriate.

## II. MERIT REVIEW

The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff pursues three sets of allegations, as discussed above.

Plaintiff's first set of allegations, related to Plaintiff's prison sentence, does not state a claim. Plaintiff asserts that Plaintiff is being held beyond the correct release date

based on a novel legal argument related to Plaintiff's age at the time of the criminal actions on which Plaintiff was convicted and is imprisoned. This is not a proper § 1983 claim. Plaintiff was twenty years old when Plaintiff committed the first-degree murder and aggravated battery for which Plaintiff is in prison. Plaintiff asserts that anyone under the age of 21 cannot be imprisoned at 100% sentencing time. Plaintiff does not provide any credible basis for this allegation. Plaintiff was not a minor when Plaintiff committed these crimes – Plaintiff was 20 years old. And even if Plaintiff had been a minor at the Plaintiff committed murder and aggravated battery, Plaintiff would not be entitled to the relief sought. *See Jones v. Mississippi*, 593 U.S. 98 (2021) (discussing the limitations on the constitutional protections for minors tried as adults). Finally, as noted above, a § 1983 action for money damages is not the correct cause of action to seek release from prison, but rather, a petition for writ of habeas corpus is.

Plaintiff's second set of allegations relates to his allegation that Plaintiff has a history of receiving gender dysphoria and transgender care within IDOC, and that beginning in July 2024 certain Defendants denied Plaintiff necessary transgender care. These allegations state an Eighth Amendment claim.

Plaintiff's third set of allegations relate to treatment of left arm, wrist, and hand orthopedic issues, including failure to send Plaintiff to a necessary (and physician ordered) orthopedic specialist for over one year, causing increased pain and injuries. These allegations also state an Eighth Amendment claim.

III.    JOINDER ISSUES

Plaintiff's complaint presents what should be three distinct lawsuits in one. Each is clearly alleged, though with some gaps as to the specific Defendants at issue. Each belongs in a separate lawsuit.

The first claim relates to Plaintiff's prison sentence. Plaintiff develops a factual and legal claim related to his incarceration based on his age at conviction and the Illinois sentencing statutes at issue. This is wholly separate from Plaintiff's other allegations. This claim is dismissed without prejudice with the filing of this order. It is no longer part of this lawsuit.

The second claim relates to a lack of gender dysphoria care at Pontiac Correctional Center beginning on July 2, 2024, and resulting in mental and physical injuries.

The third claim relates to medical care for a left arm, elbow, and hand injury. Plaintiff alleges that IDOC and medical staff are delaying necessary orthopedic specialist treatment, and other treatment.

The Court may dismiss improperly joined defendants if doing so will not prevent the plaintiff from timely refiling those claims and the Court may also sever claims and defendants in its discretion to effectively manage its docket and the litigation before it. *See* Fed. R. Civ. P. 21 ("[T]he court may ..., on just terms, ... drop a party."); *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). But since paying a second or third filing fee may impose a substantial financial burden on a prisoner, a court generally should not sever claims without a plaintiff's consent or acquiescence. Instead, it should allow the plaintiff to opt for partial dismissal rather than severance.

*Taylor v. Brown*, 787 F.3d 851, 858 (7th Cir. 2015); *Mitchell v. Kallas*, 895 F.3d 492, 503 (7th Cir. 2018).

Here, in an exercise of its discretion to effectively manage the litigation before it, and pursuant to Rule 21, the Court finds that Plaintiff's gender dysphoria care claim and Plaintiff's orthopedic care claim, will not proceed together in one lawsuit. Although some Defendants overlap, the specifics of the two conditions are unique. Allowing the two claims to proceed together in one lawsuit would likely delay both suits. Plaintiff is now allowed 14 days to file a Status Report informing the Court if he desires the Court to 1) sever one claim into a new lawsuit, which will trigger his responsibility to pay the filing fee for that lawsuit or move to proceed in forma pauperis therein, or 2) pursue only one of the two claims. If Plaintiff only wants to pursue one claim, Plaintiff shall state which claim Plaintiff wants to pursue, and which claim Plaintiff wants the court to dismiss without prejudice.

Once the severance issue is resolved, Plaintiff will be granted leave as to the remaining claim(s)/case(s) to file an amended complaint limited to that specific claim, in which Plaintiff can clarify for the Court his allegations as to which Defendants are specifically related to that claim.

**Failure to timely file the required status report will subject this action to dismissal without prejudice for failure to prosecute.**

IT IS THEREFORE ORDERED:

1. **Plaintiff's Motion to Request Counsel [5] is DENIED.**

2. **Plaintiff's Motion to Consolidate Civil Complaint Claims Into One Filed Suit [6] is DENIED.**

3. **Plaintiff's Motion for Order to Show Cause for a Preliminary Injunction [7] is DENIED. Clerk is directed to send to the Warden at Pontiac a copy of this Order so the Warden is made aware of Plaintiff's allegations regarding lack of medical care.**

4. **Plaintiff's Motion Reporting Serious Potential Harm and Danger [9] is DENIED.**

5. **Plaintiff's Motion for the Court to Order Part-Time Request [10] is DENIED.**

6. **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff's Complaint states an Eighth Amendment claim for failure to provide adequate gender dysphoria care, and a separate claim for failure to treat Plaintiff's left arm conditions. Plaintiff SHALL FILE A STATUS REPORT stating if he wants to 1) pursue both claims, in which case the Court will sever them, triggering in Plaintiff the obligation to pay another filing fee, or 2) pursue only one claim, in which case Plaintiff must state which case Plaintiff wants to pursue. Failure to file the required status report within 14 days will subject this case to dismissal for failure to prosecute.**

Entered this 21st day of July, 2025.

                                                  s/Michael M. Mihm
                                                  MICHAEL M. MIHM
                                      UNITED STATES DISTRICT JUDGE