E-FILED
Friday, 01 May, 2026  12:15:14 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| STEVEN D. LISLE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:25-cv-01090-MMM |
| | ) | |
| LATOYA HUGHES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, presently in prison at Pontiac Correctional Center, asserts allegations regarding violations of Plaintiff's constitutional rights.

## I.    MERIT REVIEW

The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient — the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff names as Defendants IDOC Director Latoya Hughes, Pontiac Warden Mindi Nurse, Nurse Nikki Rambo, Doctor Rodney Alford, medial contractor Wexford Health Sources, Inc., medical employee Ginger Davis, John and Jane Does, and Lieutenant J. Dalton.

Plaintiff alleges the dates of occurrence to be February 25, 2024, through November 11, 2024. Plaintiff suffered an injury causing Plaintiff's left arm, elbow, and hand to become swollen and painful 24 hours a day. Plaintiff could not use this hand normally. Plaintiff was diagnosed with large complex joint effusion with early erosive changes of the underlying bone and rheumatologist consultation was recommended.

Plaintiff alleges Plaintiff personally made each individual Defendant aware of this serious medical need. They delayed proper treatment and downplayed the seriousness of the condition. Plaintiff went months without proper pain medication and without proper treatment.

Lieutenant Dalton's involvement is limited to September though November 2024. Plaintiff alleges Dalton specifically and intentionally prevented Plaintiff from going on certain medical writs related to treatment for this issue.

Plaintiff alleges that Wexford Health Sources, Inc., by way of its customs and policies, purposely delayed Plaintiff's care, causing a violation of Plaintiff's constitutional rights.

Plaintiff states a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment as to each of the named Defendants. Plaintiff has alleged that the individual Defendants knowingly denied or delayed Plaintiff needed

medical care, pain medicine, or both. Plaintiff plausibly alleges that Wexford's policies and practices knowingly caused unconstitutional delays to, or denial of, Plaintiff receiving necessary medical care. Plaintiff alleges the delay in treatment caused him to suffer unnecessary pain and caused left upper extremity injury. *See Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc); *Thomas v. Cook Cty Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010); *see also Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927-28 (7th Cir. 2004) (the standard for municipal liability in *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), applies to corporations as well)).

## II.     MOTION FOR PRELIMINARY INJUNCTION

Plaintiff seeks a preliminary injunction requiring Defendants to take Plaintiff to specific outside care for medical injuries to Plaintiff's left arm, wrist, and hand.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997); *accord Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right"). To prevail, "the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Foodcomm Int'l v Barry*, 328 F.3d 300, 303 (7th Cir. 2003) (citations omitted). If the moving party meets the first three requirements, then the district court balances the relative harms that could be caused to either party. *Incredible Tech., Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005).

The Prison Litigation Reform Act (PLRA) further limits the scope of the Court's authority to enter an injunction in the corrections context. *Westefer v. Neal,* 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer,* 682 F.3d at 683 (the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage." (quotation marks and citation omitted).

Plaintiff's allegations of insufficient medical care have some possibility of success on the merits. But based on the attachments to Plaintiff's amended complaint, IDOC is aware of and is taking certain measures to treat Plaintiff. Plaintiff has had imaging taken at an outside hospital, has been provided certain medication (though Plaintiff disagrees with the kind and amount), and has been referred to an outside provider for therapy. The Court finds that under the balance of the harms to each party, and given the limitations of the Prison Litigation Reform Act on the appropriateness of injunctive relief, entry of an injunction is inappropriate.

IT IS THEREFORE ORDERED:

1. **Motion for Extension of Time [15] is GRANTED. Motion for Leave to Amend [16] is GRANTED, clerk to docket amended complaint. Motion for Order to Show Cause for a Preliminary Injunction [17] is DENIED. Motion for Entry of Confidentiality Order [19] is MOOT. Motion for Clerk to Correct Filing Fees [20] is DENIED. Finance Department to provide Plaintiff a letter including payment history as to cases in this District.**

**Motion for Status [21] is DENIED. Motion for Court to Send Pontiac Correctional Center Receipt of Filing Fees [22] is DENIED.**

2. **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that the plaintiff states a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment as to each of the named Defendants. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

3. **This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

4. **The court will attempt service on the defendants by mailing each defendant a waiver of service. If a defendant fails to sign and return a waiver of service to the clerk within thirty days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

5. **With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.**

6. **The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered. After the defendants have been served and have answered, the court will enter an order setting discovery and dispositive motion deadlines.**

7. **This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are NOT filed with the clerk. The plaintiff must mail discovery requests and responses directly to counsel for the appropriate defendant. Discovery requests or responses sent to the clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until the court has entered a scheduling order, which will explain the discovery process in more detail.**

8. **Counsel for the defendants is hereby granted leave to depose the plaintiff. Counsel for the defendants shall arrange the time for the deposition.**

9. **The plaintiff shall immediately notify the court, in writing, of any change in mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit.**

10. **The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Entered this 1st day of May, 2026.

*s/Michael M. Mihm*

MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE